United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KAYHAN BEHDIN, et al.,

Plaintiffs,

v.

JOSEPH B. EDLOW,

Defendant.

Case No. 26-cv-00566-SVK

**ORDER ON (1) DEFENDANT'S MOTION TO DISMISS AND (2) PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Re: Dkt. Nos. 49, 55

Plaintiffs are 31 citizens of Iran and 1 citizen of Sudan who, at the time they filed this action on January 19, 2026, had Form I-765 applications for authorization to work in the United States pending with the United States Citizenship and Immigration Services ("USCIS"). Dkt. 1 ¶ 2. In this action, Plaintiffs challenge two Policy Memoranda issued by USCIS in December 2025 and January 2026 that placed a hold on the adjudication of immigration benefit applications filed by citizens of certain countries, including Iran and Sudan. Dkt. 1. In their complaint, Plaintiffs sought to compel Defendant Joseph B. Edlow, Director of USCIS, to complete adjudication of their pending Form I-765 applications. Dkt. 1. All Parties have consented to the jurisdiction of a magistrate judge. Dkt. 12, 15.

On April 16, 2026, the Court granted Plaintiffs' motion for a preliminary injunction and among other things ordered Defendant to adjudicate every pending Form I-765 application filed by any Plaintiff within 180 days of the application filing date. Dkt. 41 at 46-47. Defendant subsequently informed the Court that as of May 21, 2026, USCIS had adjudicated all of the Plaintiffs' applications by approving them. Dkt. 49 at 3; Dkt. 49-1; Dkt. 49-2; Dkt. 49-3.

Now before the Court are two motions. Defendant moves to dismiss the complaint, arguing that the case is moot and the Court lacks subject matter jurisdiction because USCIS has

already provided the ultimate relief Plaintiffs sought—adjudication of the I-765 applications that were pending at the time Plaintiffs filed this action. Dkt. 49. Plaintiffs respond by both opposing the motion to dismiss and bringing a motion for summary judgment "permanently enjoining Defendant from subjecting any of Plaintiffs' employment authorization applications to the hold created by the Policy Memos." Dkt. 54, 55.

Having reviewed the briefs, the case file, the relevant law, and having had the benefit of a hearing on Plaintiffs' earlier motion for preliminary injunction, the Court finds the present motions suitable for determination without oral argument. Civ. L.R. 7-1(b). For the reasons that follow, Defendant's motion to dismiss is **GRANTED** and Plaintiffs' motion for summary judgment is **DENIED**.

## I. LEGAL STANDARDS

### A. Defendant's motion to dismiss

"A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) tests whether the court has subject matter jurisdiction." *Williams v. Apple, Inc.*, 449 F. Supp. 3d 892, 900 (N.D. Cal. 2020). "Federal courts are courts of limited jurisdiction [and] possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction [] and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

Federal jurisdiction requires a live case or controversy at every stage of litigation. *See* U.S. Const. art. III, § 2, cl. 1; *Hollingsworth v. Perry*, 570 U.S. 693, 704–05 (2013). To satisfy this requirement, "a litigant must continue to have a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings." *Abdala v. Immigration & Naturalization Serv.*, 488 F.3d 1061, 1063 (9th Cir. 2007). "The various doctrines of 'standing,' 'ripeness,' and 'mootness' ... are but several manifestations ... of the [same] primary conception." *Poe v. Ullman*, 367 U.S. 497, 503-04 (1961); *see also Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 862 (9th Cir. 2017) (noting that "the doctrine of mootness has been described as the doctrine of standing set in a time frame").

A court lacks jurisdiction to hear moot claims. *Pitts v. Terrible Herbst, Inc.*, 653 F.3d 1081, 1086–87 (9th Cir. 2011); *see also Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir. 1997) ("A federal court does not have jurisdiction to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it"). Consequently, "[i]f an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed." *Am. Rivers*, 126 F.3d at 1123; *see also Pitts*, 653 F.3d at 1087 ("if events subsequent to the filing of the case resolve the parties' dispute, we must dismiss the case as moot"). "A case becomes moot when it no longer satisfies the case-or-controversy requirement of Article III, Section 2 of the Constitution, which demands that "the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *United States v. Ilkhani*, 516 F. App'x 661, 662 (9th Cir. 2013); *see also Tianshu Cheng v. United States Citizenship & Immigr. Servs.*, No. 20-CV-01962-JSW, 2020 WL 7342730, at *3 (N.D. Cal. Dec. 14, 2020) ("A case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome") (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969)).

"[S]tanding and mootness both pertain to a federal court's subject-matter jurisdiction under Article III, [so] they are properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1)." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). "In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction." *Id.* In a factual attack, the motion "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.* Accordingly, "when considering a motion to dismiss pursuant to Rule 12(b)(1) the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

**B. Plaintiff's motion for summary judgment**

A party may move for summary judgment as to any claim, any defense, or any part of a claim or defense. Fed. R. Civ. P. 56(a). Summary judgment is appropriate if the moving party shows that there is no genuine dispute as to any material fact and the party is entitled to judgment as a matter of law. *Id*. A fact is material if it may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1985). A genuine dispute of material fact exists if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id*.

The party moving for summary judgment bears the initial burden of informing the court of the basis for the motion and identifying portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Where the party moving for summary judgment has the burden of persuasion at trial, such as where the moving party seeks summary judgment on its own claims or defenses, the moving party must establish "beyond controversy every essential element of its [claim]." *So. Cal. Gas Co. v. City of Santa Ana*, 336 F.3d 885, 888 (9th Cir. 2003) (citation omitted). Where the moving party seeks summary judgment on a claim or defense on which the opposing party bears the burden of persuasion at trial, "the moving party must either produce evidence negating an essential element of the nonmoving party's claim or defense or show that the nonmoving party does not have enough evidence of an essential element to carry its ultimate burden of persuasion at trial." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Cos., Inc.*, 210 F.3d 1099, 1102 (9th Cir. 2000). If the moving party meets its initial burden, the burden shifts to the nonmoving party to produce evidence supporting its claims or defenses. *Id.* at 1103. If the nonmoving party does not produce evidence to show a genuine issue of material fact, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323.

"The court must view the evidence in the light most favorable to the nonmovant and draw all reasonable inferences in the nonmovant's favor." *City of Pomona v. SQM N. Am. Corp.*, 750 F.3d 1036, 1049 (9th Cir. 2014). However, the party opposing summary judgment must direct the court's attention to "specific, triable facts." *So. Cal. Gas*, 336 F.3d at 889. "[T]he mere existence

of a scintilla of evidence in support of the plaintiff's position" is insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *City of Pomona*, 750 F.3d at 1049-50 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

A "district court need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposing papers with adequate references so that it could conveniently be found." *Carmen v. S.F. Unified Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). In other words, "whatever establishes a genuine issue of fact must both be in the district court file and set forth in the response." *Id.* at 1029; *see Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996) ("[I]t is not our task, or that of the district court, to scour the record in search of a genuine issue of triable fact. We rely on the nonmoving party to identify with reasonable particularity the evidence that precludes summary judgment.").

## II. DISCUSSION

Defendant argues that Plaintiffs' claims are moot and the Court therefore lacks subject matter jurisdiction because USCIS has now adjudicated all of the I-765 applications that were the subject of the complaint in this action. Dkt. 49 at 3. According to Defendant, "USCIS's approvals of Plaintiffs' 1-765 applications moot any dispute between the parties, regardless of whether this lawsuit is characterized as a challenge to (1) USCIS's alleged unreasonable delay in adjudicating their I-765 applications or (2) the adjudicative hold imposed on their pending I-765 applications by USCIS's two policy memorandums" because "[e]ither way, USCIS's approval of Plaintiffs' I-765 applications deprives Plaintiffs of 'a personal stake in the outcome of the suit[.]'" Dkt. 49 at 6 (quoting *Abdala*, 488 F.3d at 1063).

Plaintiffs' opposition to Defendant's motion to dismiss, which also includes Plaintiffs' motion for summary judgment, offers several arguments why the Court should not dismiss the case. First, Plaintiffs argue that despite USCIS granting all of Plaintiffs' pending Form I-765 applications, at least one Plaintiff (Iman Ataee Langroudy) had not received his EAD. Dkt. 54 at 5. However, Defendant responded with a declaration indicating that an EAD had been delivered

United States District Court
Northern District of California

to Mr. Langroudy. Dkt. 57-1 at ¶¶ 5-6 and Exs. D and E *see also* Dkt. 57 at 3, 4. In their summary judgment reply brief, Plaintiffs concede that Mr. Langroudy received his EAD card issued in connection with the Form I-765 application that was the subject of the complaint and this Court's preliminary injunction order. Dkt. 62 at 4. Thus, this argument by Plaintiffs does not provide a basis for the Court to deny Defendant's motion to dismiss.

Second, Plaintiffs argue that the case is not mooted by the grant of their Form I-765 applications because six Plaintiffs paid premium processing fees but only two had been refunded at the time Plaintiffs filed their opposition to the motion to dismiss. Dkt. 54 at 3, 5. Defendant responded by arguing that Plaintiffs' complaint did not seek a refund of these fees. Dkt. 54 and 4-5. Plaintiffs argued in their summary judgment reply brief that a refund of the premium processing fees is encompassed in the relief claimed in the complaint. Dkt. 62 at 4-5. After reviewing these arguments, the Court ordered the Parties to provide a joint report regarding the status of the refunds. Dkt. 63. The Parties' joint status report confirms that all premium processing fees paid by Plaintiffs have now been refunded. Dkt. 64.

Third, Plaintiffs argue that some Plaintiffs are eligible and have already filed for new employment authorizations, and they contend that these new applications are or could be subject to the adjudication hold under the challenged Policy Memoranda. Dkt. 54 at 8; *see also* Dkt. 64 at 6. Plaintiffs argue that the Court can still grant relief in the form of a summary judgment "permanently enjoining Defendant from subjecting any of Plaintiffs' employment authorization applications to the hold created by the Policy Memos." Dkt. 54 at 4. In support of this argument, Plaintiffs cite language in this Court's preliminary injunction order stating that Defendant is "ENJOINED from applying the adjudication hold of the December 2, 2025 USCIS Policy Memorandum (PM-602-0192) and/or January 1, 2026 USCIS Policy Memorandum (PM-602-0194) to any Form I-765 (Application for Employment Authorization) application filed by any of the Plaintiffs." Dkt. 54 at 6 (quoting Dkt. 41 at 46)).

Defendant makes two main arguments in response. First, Defendant argues that Plaintiffs' new applications for employment authorization will not be subject to an adjudication hold under the challenged Policy Memoranda because USCIS presently treats the Policy Memoranda "as if they are not in effect" as a result of a decision and judgment by the United States District Court for

United States District Court
Northern District of California

the District of Rhode Island in *Dorcas Int'l Inst. of Rhode Island v. United States Citizenship and Immig. Servs.*, D.R.I. Case No. 26-cv-132-JJM-PAS. Dkt. 57 at 2-3. According to Defendant, the ruling in *Dorcas* vacating the Policy Memoranda as unlawful has eliminated any current or imminent need for injunctive relief as to Plaintiffs' new applications in this case. Dkt. 57 at 2-3, 5-6. However, the Government is appealing *Dorcas*. *See* Dkt. 62 at 3; 62-1. Several courts in this District have rejected the Government's argument that the vacatur of the Policy Memoranda in *Dorcas* and USCIS's subsequent conduct with respect to the challenged policies obviates or moots claims for injunctive relief in other cases challenging the Policy Memoranda. *See, e.g., Red Eagle Law, L.C. v. Edlow*, No. 26-cv-04850-CRB, 2026 WL 2476424, at *5 (N.D. Cal. Aug. 24, 2026); *Vajari v. Edlow*, No. 26-cv-05596-EMC, 2026 WL 2211782, at *3 (N.D. Cal. July 31, 2026); *but see Khadem v. Edlow*, No. 26-cv-05227-PCP, 2026 WL 2350112, at *1 (N.D. Cal. Aug. 12, 2026).

Second, Defendant argues that the Court lacks subject matter jurisdiction to enjoin a potential future adjudicative hold under the USCIS Policy Memoranda as to applications Plaintiffs may file in the future because there is no present case or controversy before the Court on such applications. Dkt. 49 at 8. Defendants assert that all the Form I-765 applications at issue in this lawsuit were adjudicated and any new Form I-765 applications are not at issue in this lawsuit. Dkt. 57 at 5.

Defendant has the better argument on the issue of whether the Court has jurisdiction due to Plaintiffs' actual or potential filing of new Form I-765 applications after this lawsuit was filed and the potential application of the challenged Policy Memoranda to such new applications. Plaintiffs' complaint was premised on Plaintiffs' then-pending I-765 applications, noting that "[a]ll Plaintiffs have pending I-765 applications with USCIS" and asserting that "Plaintiffs are entitled to decisions on their pending applications." Dkt. 1 ¶¶ 2, 4. In the complaint, Plaintiffs requested issuance of a writ of mandamus or order directing Defendant to complete all steps necessary to adjudicate "Plaintiffs' Form I-765 applications" and for other relief regarding those applications. *Id.* at pp. 31-32 (Prayer for Relief) ¶¶ A-D, G. Read in context, these and other references to Plaintiff's "applications" in the complaint refer to their applications at the time this suit was filed. Although Plaintiffs also requested relief such as an order "enjoining Defendant from

discriminating against Plaintiffs based on their nationality" and an order enjoining the challenged Policy Memoranda as they applied to Plaintiffs (*id.* ¶¶ E, F), read as a whole the complaint focuses on adjudication of the then-pending I-765 applications. The Court issued a preliminary injunction requiring Defendant to adjudicate those applications, and USCIS did so. Accordingly, Plaintiffs' claims in this case were mooted by Defendant's subsequent granting of their I-765 applications. The reference to "any" of Plaintiffs' Form I-765 applications in one paragraph of the preliminary injunction (*see* Dkt. 64 at 46 ¶1) was also in the context of the applications that were the subject of the complaint, *i.e.*, the applications pending when this case was filed (*see id.* ¶¶ 2-4). That reference was not intended as an open-ended injunction that would apply to any and all future Form I-765 applications Plaintiffs may file.

Contrary to Plaintiffs' arguments on the present motions, neither the "voluntary cessation" nor the "capable of repetition" exceptions to the mootness doctrine apply. "It is well-established ... that voluntary cessation of allegedly illegal conduct does not deprive the tribunal of power to hear and determine the case unless (1) it can be said with assurance that there is no reasonable expectation that the alleged violation will recur and (2) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Am. Fed'n of Gov't Emps., AFL-CIO v. United States Off. of Pers. Mgmt.*, No. C 25-01780 WHA, 2025 WL 770360, at *3 (N.D. Cal. Mar. 10, 2025). Defendant disputes that it voluntarily ceased the challenged conduct, arguing that it adjudicated Plaintiff's I-765 applications only because the Court's preliminary injunction forced it to do so. *See* Dkt. 49 at 7. However, the subtext of the argument, as well as other evidence in the record, demonstrates that USCIS is fighting the decision in *Dorcas* that vacated the Policy Memoranda and that the agency will reinstate those policies if permitted to do so. Even so, this does not bring this case within the scope of the voluntary cessation exception to mootness. Plaintiffs' claims in this case are moot because they have already obtained the relief they sought in this action: adjudication of their then-pending I-765 applications. This relief has addressed the alleged violation as to the Form I-765 applications at the time the complaint was filed, and there is no reasonable expectation that the alleged violation can or will recur as to those particular applications.

Similarly, the exception to mootness for actions that are capable of repetition but evading

review does not apply here. Defendant might institute the challenged adjudication hold policies again in the future if permitted to do so and in theory could avoid review of those policies by adjudicating the applications of particular plaintiffs before their future challenges to the policies could be decided. However, the capable of repetition exception "is limited to extraordinary cases where '(1) the duration of the challenged action is too short to be fully litigated before it ceases, and (2) there is a reasonable expectation that the plaintiffs will be subjected to the same action again.'" *Jacob v. Biden*, 542 F. Supp. 3d 938, 954 (N.D. Cal. 2021) (quoting *Doe v. Madison Sch. Dist. No. 321*, 177 F.3d 789, 798 (9th Cir. 1999)). As discussed above, reinstitution of the adjudication hold policies would not affect Plaintiffs' Form I-765 applications that are the subject of this litigation, *i.e.,* those that were pending at the time this litigation was filed, because those applications have already been adjudicated. Any new applications that have been filed or may be filed by Plaintiffs after the complaint in this case are not a part of this case.

## III. CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is **GRANTED** and Plaintiffs' motion for summary judgment is **DENIED.** The Clerk of Court shall close the file in this matter.

**SO ORDERED.**

Dated: October 16, 2026

SUSAN VAN KEULEN
United States Magistrate Judge